UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABERCROMBIE & FITCH TRADING, CO., an Ohio Corporation,<br><br>Plaintiff(s),<br><br>-against-<br><br>QUESTER (U.S.) ENTERPRISES, INC., a New York corporation, et al.,<br><br>Defendant(s). | Case No. 1:24-cv-06521-(LGS)<br><br>PROTECTIVE ORDER |

LORNA G. SCHOFIELD, United States District Judge:

WHEREAS, all the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment; and

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Attorney's Eyes Only" ("AEO") pursuant to the terms of this Protective Order (hereinafter "Confidential/AEO Discovery Material") shall not disclose such Confidential/AEO Discovery Material to anyone else except as expressly permitted hereunder.

2.      Counsel for any party may designate as Confidential such portion of Discovery Material that counsel for the designating party believes in good faith that such designation is necessary to protect from public disclosure because it is restricted by law, contains proprietary, a trade secret, or otherwise sensitive non-public information relating to the business of the party, and/or the designating party owes a duty of confidentiality to a third party.

3.      Counsel for any party may designate as Attorney's Eyes Only such portion of Discovery Material that counsel for the designating party believes in good faith is necessary to protect the interests of the client/party in information that is highly sensitive business or financial information, information regarding business practices or other research, development, or commercial information, or information otherwise generally not disseminated within the parties' organizations and only to employees who require access to such information to perform their duties. The dissemination of this AEO information could result in improper use by business competitors and cause harm to the designating party's business or financial interests if otherwise disclosed. However, with respect to material such as a party's bank statements, tax returns, or credit card processing information, the Parties will meet and confer regarding the production and designation of such material to other Parties and the Court.

4.      With respect to Discovery Material other than deposition transcripts and exhibits, the designation of such Material as Confidential or Attorney's Eyes Only/AEO shall be made in the following manner: (i) by affixing the legend "Confidential" or "Attorney's Eyes Only" to each page containing any Confidential or Attorney's Eyes Only Discovery Material, except that in the case of multi-page documents bound by staple or other permanent binding, the words "Confidential" or "Attorney's Eyes Only" need only be stamped on the first page of the document in order for the entire document to be treated in accordance with its designation; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Attorney's Eyes Only" in the file or directory name, or by affixing the legend "Confidential" or "Attorney's Eyes Only" to the media containing the Discovery Material (e.g., CD-ROM, DVD flash drive) as applicable. Whereas discovery has been exchanged prior to this Order, any prior produced discovery in this action may be designated as AEO or confidential by written notice to the receiving Party's counsel within 14 days after entry of this Order specifying the AEO or Confidential material in the prior production.

5.      With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential/AEO either by indicating on the record during the deposition that the testimony or exhibit contains Confidential or Attorney's Eyes Only information, in which case the reporter will mark the entire transcript as "Confidential [or Attorney's Eyes Only]

2

Information Governed by Protective Order". During the 30-day period following the conclusion of a deposition and the reporter's preparation of the transcript for review, the entire deposition transcript will remain Confidential or Attorney's Eyes Only as designated on the record.  Thirty (30) days after the reporter has prepared the transcript for review, the designating party shall make specific Confidential or AEO designations to the transcript which shall become part of the final transcript.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he or it previously had produced without limitation should be designated as Confidential or AEO, she, he or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material thereafter will be deemed to be and treated as Confidential or AEO under the terms of this Protective Order.

7. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) The officers, directors, or managing members of the Parties to this action, as well as the employees of the Parties who are assisting with or making decisions concerning the action, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the action';

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistants employed by such counsel and assigned to this matter;

(c) in-house counsel to whom disclosure is reasonably necessary for the action;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any mediator or arbitrator who the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first

executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (i)    stenographers engaged to transcribe depositions conducted in this action;

    (j)    this Court, including any appellate court, and the court reporters and support personnel for the same; and

    (k)    any other person only upon (i) order of this Court entered upon notice to the Parties, or (ii) written stipulation of the Party producing the Confidential/AEO Discovery Material and that such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

8.    No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Attorney's Eyes Only to any other person whomsoever, except to:

    (a)    counsel retained specifically for this action, including any paralegal, clerical and other assistants employed by such counsel and assigned to this matter;

    (b)    in-house counsel to whom disclosure is reasonably necessary for the action, provided that the Parties first meet and confer should the need arise for AEO Discovery Material to be shown to such in-house counsel and the party wishing to disclose such Material provides the identity and role of the intended in-house counsel;

    (c)    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (d)    any mediator or arbitrator who the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (e)    as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

    (f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action and only to the extent necessary to prepare for depositions or testimony or to prepare and submit declarations or affidavits in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and notice is provided to the party who designated such material as AEO;

4

 (g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

 (h) any other person only upon (i) order of this Court entered upon notice to the Parties, or (ii) written stipulation of the Party producing the Confidential/AEO Discovery Material and that such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

9. Prior to any disclosure of any Confidential/AEO Discovery Material to any person referred to in subparagraphs 7(d), 7(e), 7(g), 7(h), 7(k), 8(c), 8(d), 8(f), 8(g) or 8(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Aaron's Individual Practices.

11. Any Party who requests additional limits on disclosure may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Aaron's Individual Practices.

12. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

13. Recipients of Discovery Material may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential/AEO Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or

information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

14. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential/AEO Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

15. All persons seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters shall follow Section II(B)(3) of Magistrate Judge Aaron's Individual Practices. With respect to dispositive matters, the Individual Rules of the presiding District Judge shall be followed; if the parties have consented to the jurisdiction of Magistrate Judge Aaron for all purposes, then with respect to dispositive motions, Section III(E) shall be followed. The Parties shall use their best efforts to minimize such sealing. *Documents may be filed under seal only as provided in this Court's Individual Rule I.D.3.*

16. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential or AEO.

17. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential/AEO Discovery Material itself, and not text that in no material way reveals the Confidential/AEO Discovery Material.

18. Each person who has access to Discovery Material that has been designated as Confidential or AEO shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Attorney's Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon

permission of the producing person, destroyed.

21. The parties reserve the right to apply, upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Protective Order.

22. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:    The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

_____/s/ Tara A. Currie_____
Brent H. Blakely
Tara A. Currie
*Attorneys for Plaintiff*
*Abercrombie & Fitch Trading Co.*

___/s/ Sam P. Israel_____
Sam P. Israel
*Attorney for Defendant Quester*
*(U.S.) Enterprises, Inc.*

_____/s/ Roger K. Marion_____
Roger K. Marion
*Attorney for Defendant Modern*
*Perfumes*

_____/s/ Thomas A. O'Rourke_____
Thomas A. O'Rourke
*Attorney for Defendant Scentcity*

_____/s/ Steven M. Kayman_____
Steven M. Kayman
Richard E. Rosberger
*Attorneys for Defendants ACME*
*International, LLC and Safire Trading*

_____/s/ Seth A. Abrams_____
Seth A. Abrams
*Attorney for Defendant Sapphire*
*Trading*

_____/s/ Andrew M. Kaufman_____
Andrew T. Hambelton
Andrew M. Kaufman
*Attorneys for Defendant FragranceNet.com, Inc.*

_____/s/ Lena Bacani_____
Eryn Y. Truong
Lena Bacani
*Attorneys for Defendant Perfume*
*Network, Inc.*

_____/s/ Maureen Abbey Scorese_____
Maureen Abbey Scorese
*Attorney for Defendant Beauty*
*Store, LLC*

_____/s/ Lawrence Rosenthal_____
Lawrence Rosenthal
*Attorney for Defendant Flora 247,*
*Inc.*

So Ordered.

Dated: January 31, 2025
    New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

___*/s/ Matthew N. Tobias*_____
Steven J. Shore
Matthew N. Tobias
*Attorneys for Defendants Dom Stores LLC*
*and FragranceX.com, Inc.*


Dated: January 30, 2025


_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABERCROMBIE & FITCH TRADING, CO., an Ohio Corporation,<br><br>Plaintiff(s),<br><br>-against-<br><br>QUESTER (U.S.) ENTERPRISES, INC., a New York corporation, et al.,<br><br>Defendant(s). | Case No. 1:24-cv-06521-(LGS)(SDA)<br><br>**NON-DISCLOSURE AGREEMENT** |

     I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Attorney's Eyes Only ("AEO"). I agree that I will not disclose such Confidential/AEO Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                                  _____