UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                      :

ABERCROMBIE & FITCH TRADING CO.,   :
                       Plaintiff,   :
                               :        24 Civ. 6521 (LGS)
      -against-                :
                               :         <u>ORDER</u>
QUESTER (US) ENTERPRISES, INC., et al.,  :
                    Defendants.   :
                               :
-----------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 29, 2024, Plaintiff initiated this action alleging Defendants are infringing Plaintiff's trademarks for its fragrances.

WHEREAS, on January 31, 2025, Plaintiff filed a first amended complaint.

WHEREAS, on February 7, 2025, Plaintiff filed a letter seeking leave to file a motion for alternative service under Federal Rules of Civil Procedure 4(h)(2) and 4(f)(3) as to one Defendant, Diamond Ocean Limited.

WHEREAS, Plaintiff seeks to serve Defendant by alternative means, specifically via email. Plaintiff states that Defendant is a resident of Hong Kong. Plaintiff further represents that serving this Defendant through regular channels would take between four to six months and cost approximately $797 in fees. Plaintiff argues that alternative service is warranted because regular service on this Defendant would cause undue delay and would burden Plaintiff.

WHEREAS, Plaintiff states that Hong Kong is a signatory to the Hague Convention. Plaintiff also states that Hong Kong has not objected to service through postal channels and that other courts have permitted email service upon defendants in Hong Kong.

WHEREAS, Federal Rule of Civil Procedure 4(h)(2) provides that a corporation, partnership or

unincorporated association may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual . . . ."  Federal Rule of Civil Procedure 4(f) provides three methods of service on an individual in a foreign country:  "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . or (3) by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(1)-(3); *see generally* Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 1, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, *available at* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited February 11, 2025) (the "Hague Convention").  "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court."  *Vega v. Hastens Beds, Inc.*, 342 F.R.D. 61, 64 (S.D.N.Y. 2022).

WHEREAS, for Plaintiff's request to serve by email to be permissible, service via email must not be "prohibited by international agreement."  Fed. R. Civ. P. 4(f)(3); *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1395 (S.D.N.Y. 2022).  When a request is made to serve via email, courts also look to whether international agreement prohibits postal service, as an analogue to email service.  *See Uipath, Inc. v. Shanghai Yunkuo Info. Tech. Co.*, No. 23 Civ. 7835, 2023 WL 8600547, at *2 (S.D.N.Y. Dec. 12, 2023) (noting that courts have held a country's "objection to postal service also encompasses an objection to service via email").  Hong Kong, through China, is a signatory to the Hague Convention. Hague Convention at Status Table.  In *Water Splash, Inc. v. Menon*, the Supreme Court held that the only permissible methods of service under the Hague Convention are those specified in it and that the

Convention allows service of judicial documents via postal channels unless a country lodges an objection. 581 U.S. 271, 283 (2017).

WHEREAS, Hong Kong is a signatory to the Hague Convention through China, but unlike China, Hong Kong has not objected to service via postal channels. Hague Convention at People's Republic of China Declaration/Reservation/Notification; *see also Henry Haining Zhang v. Kon Ki Lo*, No. 14 Civ. 6945, 2020 WL 2133163, at *7 (S.D.N.Y. May 5, 2020). Service by email on Defendant is therefore permissible. *Fox Shiver, LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to Complaint*, No. 23 Civ. 1898, 2023 WL 4373308, at *2 (S.D.N.Y. Apr. 25, 2023), *reconsideration denied* No. 23 Civ. 1898, 2023 WL 4373298 (S.D.N.Y. June 1, 2023*), and on reconsideration in part*, No. 23 Civ. 1898, 2023 WL 6795299 (S.D.N.Y. Oct. 13, 2023). Accordingly, Rule 4(f) allows service in the form Plaintiff seeks, because it is not "prohibited by international agreement."

WHEREAS, email service on Defendant "meet[s] the strictures of the Due Process Clause" in this case, which "requires only that the alternative means of service be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mattel, Inc. v. Animefun Store*, No. 18 Civ. 8824, 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020). As Plaintiff has shown that Defendant uses the proposed email address to conduct its business, it is reasonably likely that email sent to that address will reach Defendant. It is hereby

**ORDERED** that Plaintiff's request for alternative service via email is **GRANTED**.

Dated: February 11, 2025
      New York, New York

3

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**