

1108 MANHATTAN AVE, UNIT B, MANHATTAN BEACH, CALIFORNIA 90266
WWW.BLAKELYLAWGROUP.COM T 310-546-7400  F 310-546-7401

**Defendant Beauty Store, LLC shall file any response to Plaintiff's pre-motion letter by May 12, 2025.  A telephonic conference to address the issue raised by Plaintiff will be held May 13, 2025, at 3:30 pm.**  The hearing can be accessed by calling (888) 363-4749 and entering the access code 558-3333.  So Ordered.

Dated: May 8, 2025
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

*VIA ECF*
Hon. Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:     **Plaintiff's Pre-Motion Discovery Letter**
         *Abercrombie & Fitch Trading Co. v. Quester (U.S.) Enterprises, Inc. et. al.*
         Case No. 1:24-cv-06521-LGS

Dear Hon. Schofield,

Pursuant to Local Rule 37.2 and this Court's Individual Practices, plaintiff Abercrombie & Fitch Trading Co. ("Abercrombie" or "Plaintiff") respectfully submits this pre-motion letter regarding its discovery dispute with defendant Beauty Store, LLC ("Beauty Store" or "Defendant").

### I.     Background

This is a trademark infringement and counterfeiting case arising from Beauty Store and other defendants' offer for sale and/or sale of fragrance products bearing counterfeit reproductions of Abercrombie's federally registered trademarks (the "Accused Products").  With respect to Beauty Store, Abercrombie learned that Defendant obtained the Accused Products from Singaporean defendant Farhad International Pte Ltd ("Farhad"), who has never been authorized by Abercrombie to distribute or sell the Abercrombie & Fitch FIERCE cologne at issue, nor use Abercrombie's trademarks at issue on such products.  Beauty Store's only other supplier, Prestige Beauty Group, obtained the Accused Products from Farhad as well.

### II.    Beauty Store's Deposition

The dispute mainly lies with Defendant's failure to appear at its properly noticed deposition on May 2, 2025.  The Parties have met and conferred extensively and over several weeks, only for Defendant to ignore its discovery obligations and fail to cooperate with Plaintiff in scheduling and producing a deponent on a confirmed date.  Defendant never sought a protective order to avoid sitting at its properly noticed deposition. *See F.A.A. v. Landy*, 705 F.2d 624, 634 (2d Cir. 1983) (party needs to obtain court order to prevent a deposition).  Plaintiff asked Defendant at least *eight* times to provide an alternate deposition date prior to the date noticed in order for the deposition to be rescheduled but Defendant failed to do so:

- 3/24/25 - Plaintiff issued a Notice of Deposition for Beauty Store's FRCP 30(b)(6) witness for an April 3, 2025 deposition.

- 3/28/25 - Plaintiff asked Defendant to confirm the April 3rd deposition date or otherwise offer an alternate date prior to April 3rd in order for Plaintiff to take the deposition off calendar.

May 7, 2025
Page 2

- 4/1/25 - Plaintiff offered alternate dates of availability and asked Defendant to confirm before April 3rd.

- 4/2/25 - Plaintiff followed up with Defendant to provide another date by the end of day, but without obtaining a court order, Defendant indicated it would not be appearing for its deposition. Despite the issues with Defendant's non-appearance, Plaintiff took the April 3rd deposition off calendar as a courtesy and sent an amended notice for a May 2nd deposition. Plaintiff told Defendant that it would not move the deposition for May 2nd unless Defendant provided an alternate confirmed date prior to May 2nd.

- 4/16/25 - Plaintiff asked whether Defendant was available for its May 2nd deposition and if not, to provide another date.

- 4/18/25 - Plaintiff followed up re deposition date.

- 4/23/25 - Defendant indicated it was not available on May 2nd for the first time, but did not provide an alternate date and did not seek a protective order.

- 4/24/25 - Defendant sent a letter to Plaintiff regarding the Topics within the Notice but was silent as to an alternate date.

- 4/28/25 – Plaintiff requested that Defendant provide an alternate date. Defendant continued to ignore Plaintiff's request when it issued its response letter on April 28th which was silent as to the deposition date.

- 4/29/25 – Parties met and conferred via telephone on the Topics within the May 2nd deposition notice where Defendant's counsel stated its client was available the week of June 9th.

- 4/30/25 – Plaintiff's counsel confirmed its own availability on June 9th for an alternate deposition date, but asked Defendant's counsel to confirm before May 2nd so that a new deposition notice could be issued and the old deposition off calendar.

- 5/2/25 – About an hour before the scheduled deposition time, Plaintiff followed up with Defendant's counsel regarding the new date. Defendant failed to appear.

- 5/7/25 – Defendant's counsel provided alternate dates of June 20, 25, and 26.

Defendant has been dragging its feet in confirming a deposition date and communicating with Plaintiff, only to provide new dates after failing to appear . To the extent Defendant may argue that its deposition was already taken, that deposition was taken when Beauty Store was a third party in a previous action involving entirely different defendants. This is no reason to delay scheduling a deposition in this case and Defendant has not obtained a protective order. Further, Defendant conspicuously provides dates in late June when just days before it offered a June 9 date.

This is a classic case of stonewalling, where Defendant strategically offers dates close to the fact discovery cutoff of July 8, 2025. ECF No. 252.  Should any issues arise with Defendant's deposition, such as an unprepared witness or more appropriate witness that should be deposed, Plaintiff's time to seek relief or additional follow up discovery would be limited with a late June deposition.  Further, Defendant completely ignored the June 9 date that seemingly worked for all parties.  Defendant and its counsel failed to cooperate for *two months* in scheduling and confirming a deposition date, wasting Plaintiff's time, resources, and case management.

Accordingly, Plaintiff respectfully requests that this Court order Defendant to appear at a June 9, 2025 deposition, which Plaintiff is amenable to conducting via Zoom given there are multiple defendants in different time zones.  Plaintiff also seeks sanctions against Defendant and its counsel pursuant to FRCP 37(d)(3) in the form of striking Defendant's Answer or in the alternative, order issue sanctions with respect to willfulness. *See also* Fed. R. Civ. Proc. 37(b)(2)(A)(i)-(vi), 37(b)(2)(C) (court "must" order party, its attorney, or both to pay reasonable expenses, including attorney's fees, caused by the failure to produce a deponent for deposition). Given the limited space provided in this pre-motion letter, Plaintiff requests that the Court permit further briefing or a full Motion on this issue.

### III. **Defendant's Failure to Provide Samples**

Since March 12, 2024, Plaintiff has been requesting Defendant to provide samples of the Accused Products that Defendant testified to having in its possession.  After the Complaint in this matter was filed on August 29, 2024, Plaintiff again requested samples, this time from Defendant's counsel, but never received them.  On December 13, 2024, Plaintiff issued Requests for Production which included a request for samples in No. 33.  Defendant responded to the Requests but did not provide samples. The Parties met and conferred on these Requests but Defendant issued its supplemental responses which were silent on the issue.

On April 25, 2025, Defendant produced documents for the first time in this case, identifying that it has 300 units of Accused Products in inventory, with 2 given to its counsel, making Plaintiff wonder how long Defendant's counsel has been sitting on this evidence despite Plaintiff's repeated requests, at least in this litigation, for the same.  This is yet another example of Defendant's stonewalling.  To date, Defendant has not provided samples of the Accused Products and failed to adequately respond to No. 33.[1]

Respectfully Submitted,

*/s/ Tara A. Currie*
Tara A. Currie
*Attorneys for Plaintiff*

---

[1] The contents of this letter, not including this footnote, contains 1,200 words in line with this Court's Individual Practices.