**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ABERCROMBIE & FITCH TRADING, CO., an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>QUESTER (U.S.) ENTERPRISES, INC., a New York corporation; BEAUTY STORE LLC, a Delaware limited liability company; FAME ASCENT TRADING, an unknown business entity; FARHAD INTERNATIONAL PTE LTD, a Singapore limited company; PERFUME NETWORK, INC., a New York corporation; ACME INTERNATIONAL, LLC, a Florida limited liability company; MODERN PERFUMES LLC, a New Jersey limited liability company; JIZAN PERFUMES LLC, a United Arab Emirates limited liability company; SAPPHIRE TRADING, INC., a New Jersey limited liability company; SAFIRE TRADING, a Singapore company; FRAGRANCENET.COM, INC., a Delaware corporation; SCENTCITY INCORPORATED, a New York corporation; UNBEATABLE SALE. COM, INC., a New Jersey corporation; FLORA 247 INC., a New Jersey corporation; DOM STORES LLC, a New York limited liability company; FRAGRANCEX.COM, a New York corporation; TUBELLA'S PERFUMES, an unknown business entity; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 1:24-cv-06521-LGS<br><br>**[~~PROPOSED~~] ORDER GRANTING STIPULATION RE PERMANENT INJUNCTION**<br><br>SO ORDERED.<br><br>The Clerk of Court is respectfully requested to close the motion at Dkt. No. 313.<br><br>Dated: July 23, 2025<br>New York, New York<br><br>*/s/ Lorna G. Schofield*<br><br>**LORNA G. SCHOFIELD**<br>**UNITED STATES DISTRICT JUDGE** |

WHEREAS Plaintiff Abercrombie & Fitch Trading, Co. ("Abercrombie" or "Plaintiff") has filed a Complaint in this action against defendant Beauty Store, LLC

("Defendant" or "Beauty Store") alleging Trademark Infringement, False Designations of Origin and False Descriptions, and Common Law Trademark Infringement and Unfair Competition, all allegedly arising from Defendant's manufacture, production, distribution, promotion, advertisement, offering for sale, and/or sale of counterfeit fragrance products bearing identical, substantially indistinguishable, or confusingly similar reproductions of one or more of the Abercrombie Marks (attached hereto and incorporated herein as Exhibit 1) (such products will hereinafter be referred to as "Accused Products."). Exemplar photographs of the Accused Products are shown in ¶ 39 of the First Amended Complaint ("FAC") and reproduced below in Exhibit 2 for reference.

WHEREAS the Parties have entered into a Confidential Settlement Agreement to fully resolve all of the claims in this action among the Parties;

WHEREAS without any admission of liability, Defendant has agreed to consent to the below terms of a permanent injunction, and IT IS HEREBY ORDERED THAT:

1. Defendant and its agents, servants, employees and all entities and/or persons in active concert and participation with Defendant are hereby permanently restrained and enjoined from infringing upon the Abercrombie Marks, including, but not limited to:

   a. manufacturing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping, marketing, or otherwise incorporate in advertising or marketing the Accused Products and/or any other products bearing marks that are identical, substantially indistinguishable, or confusingly similar to the Abercrombie Marks;

   b. delivering, holding for sale, returning, transferring, or otherwise moving, storing, or disposing in any manner the Accused Products and/or any other products bearing marks that are identical, substantially indistinguishable, or

confusingly similar to the Abercrombie Marks;

   c. engaging in any other activity constituting unfair competition with Abercrombie, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with Abercrombie;

   d. committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Abercrombie; and

   e. knowingly assisting, aiding, or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 1(a)-(d) above; and

   f. knowingly affecting any transactions, assignments or transfers, or form new entities or associations to circumvent the prohibitions referred to in Paragraphs 1(a)-(d) above.

 WHEREAS the Parties further stipulate to the following, and IT IS HEREBY FURTHER ORDERED THAT:

 2. This Court has jurisdiction over the parties herein and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

 3. The execution of this Stipulation/Order shall serve to bind and obligate the parties hereto.

 4. Upon satisfaction of other obligations set forth in the Confidential Settlement Agreement and Release, the Parties will stipulate to, and Plaintiff will file a separate *Dismissal with Prejudice of the Civil Action*.

 5. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the enforcement of this Stipulation/Order.

# **EXHIBIT 1**

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| ABERCROMBIE & FITCH | 1,999,665 | September 10, 1996 | IC 003 – Cologne |
| FIERCE | 2,713,598 | May 6, 2003 | IC 003 - Personal care products namely, fragrances |
| ABERCROMBIE | 3,343,871 | November 27, 2007 | IC 003 - Fragrances, namely, colognes and perfumes |
| ABERCROMBIE & FITCH | 4,361,667 | July 2, 2013 | IC 003 - Body lotion; Body spray used as a personal deodorant and as fragrance; Body sprays; Cologne; Deodorants for personal use; Fragrances for personal use; Hair shampoos; Perfume and Shower and bath gel |

# EXHIBIT 2

