BLANKROME
1271 Avenue of the Americas | New York, NY 10020

*Phone:* *(212) 885-5000*
*Fax:* *(212) 885-5001*
*Email:* *andrew.hambelton@blankrome.com*

August 20, 2026

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:** ***Abercrombie & Fitch Trading Co. v. Quester (U.S.) Enterprises, Inc. et. al. Case No. 1:24-cv-06521-LGS – Request to File under Seal***

Dear Judge Schofield:

Pursuant to this Court's Individual Rule I.D.3, dismissed Defendant FragranceNet.com. Inc. ("FragranceNet") hereby writes in connection with Plaintiff Abercrombie & Fitch Trading, Co.'s letter request to file certain documents under seal (ECF No. 424) in connection with Plaintiff's Motion for Default Judgment against other non-appearing Defendants.

Exhibit F to the Declaration of Tara A. Currie (ECF No. 431-6) consists of records produced by FragranceNet in discovery in this action. These records were marked "Confidential" by FragranceNet pursuant to the January 31, 2025 Protective Order entered in this action (ECF No. 156) because they contain information concerning FragranceNet's purchases of certain products from its suppliers, including supplier identities, purchase dates, quantities, and prices.

"While there is a presumption of access to judicial documents, Courts may permit narrowly tailored requests for sealing when there are important privacy and other competing interests at stake. [C]ourts have long recognized the protection of trade secrets as a justification for limiting public access to judicial documents and that [h]arm to a litigant's competitive standing likewise constitutes a competing consideration." *Julian v. MetLife, Inc.*, 2021 WL 3887763, at *15 (S.D.N.Y. Aug. 31, 2021) (internal citations and quotations omitted).

The identity of FragranceNet's suppliers and the prices it pays for products are not public information and are kept confidential by FragranceNet in the ordinary course of business. The disclosure of that information, especially in the context of a case where codefendants are either competitors to or suppliers of FragranceNet who would gain access to such proprietary information on the docket, would cause commercial harm to FragranceNet by allowing both suppliers and competitors insight into FragranceNet's purchasing strategies, supplier base and operational costs.

Courts routinely provide for the sealing of similar supplier and pricing information to prevent just such a competitive disadvantage, and such information has also been found to constitute trade secrets that should not be publicly disclosed. *See Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 2019 WL 3753780, at *5 (E.D.N.Y. Aug. 8, 2019) (granting motion to seal "pricing information and supplier lists, which fall under the scope of trade secrets."); *Fossil Grp., Inc. v. Angel Seller LLC*, 2022 WL 3347219, at *3 (E.D.N.Y. Aug. 12, 2022) (grating requests to seal information concerning names of suppliers); *Imig, Inc. v. Omi Elec. Appliance Co.*, 2021 WL 9628853, at *2 (E.D.N.Y. Jan. 11, 2021) (granting motion to seal information concerning among other things "pricing, inventory, . . . customer identification . . . [and] supplier negotiations.").

Accordingly, FragranceNet requests that the court permit Exhibit F to the Currie Declaration to be filed under seal.[1] As Plaintiff has only used Exhibit F in support of its claims against Defendant Diamond Cosmetics Pte. Limited ("Diamond Cosmetics"), access to Exhibit F in its entirety should be limited to attorneys of record for Plaintiff and FragranceNet, and Diamond Cosmetics and its counsel should be permitted to inspect a version of Exhibit F that redacts the identities of and prices paid to other suppliers of FragranceNet.

Respectfully submitted,

/s/ *Andrew T Hambelton*

Andrew T. Hambelton

C: All counsel of record (via ECF)

The letters at Dkts. 436 and 442 are construed as sealing requests. The at-issue exhibits are judicial documents subject to a presumption of public access, but the limited redactions permitted below are narrowly tailored to protect legitimate privacy and competitive interests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006).

Beauty Store's request to seal only the telephone numbers and email addresses in Exhibit G is **GRANTED**. By **August 27, 2026**, Plaintiff shall publicly refile Exhibit G with redactions limited to that information.

FragranceNet's request to seal Exhibit F in its entirety is **GRANTED IN PART** and **DENIED IN PART**. By **August 27, 2026**, Plaintiff shall publicly refile Exhibit F with redactions limited to the columns listing the identities of the suppliers and the prices paid to those suppliers.

The Clerk of Court is respectfully directed to terminate Dkt. 425.

Dated: August 20, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

[1] While the Court's August 11, 2026 order indicates that "redactions are preferred to sealing entire documents," the records at issue here consist of a single page, which consists almost entirely of FragranceNet's confidential and trade secret information. Under the circumstances and given the limited public interest in such documents, sealing of the entirety of Exhibit F to the Currie Declaration is appropriate.