Schenck Price
SCHENCK PRICE SMITH & KING, LLP
*Serving Our Clients and Community For Over 100 Years*

**THOMAS J. COTTON**
*Admitted in NJ & NY*
Direct Line: 973-540-7333
Email: tjc@spsk.com
220 Park Avenue
PO Box 991
Florham Park, NJ 07932
Telephone: 973-539-1000
Fax: 973-540-7300
www.spsk.com

October 29, 2026

**Via ECF**
Hon. Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** **Abercrombie & Fitch Trading Co. v. Quester (U.S.) Enterprises, Inc. et al.**
**Docket No. 1:24-cv-06521-LGS**
**Our File No. 37543-1**
*Letter-Motion to Seal*

Dear Judge Schofield:

This firm represents defendant Farhad International Pte Ltd ("Farhad") in the above-referenced matter. Farhad respectfully submits this letter-motion to request leave to file certain, limited papers under seal or with narrowly tailored redactions. The sealed or redacted papers will be submitted in connection with Farhad's response to the motion for default judgment filed by plaintiff Abercrombie & Fitch Trading Co. ("Plaintiff").

The following documents have been designated as CONFIDENTIAL in accordance with this matter's discovery confidentiality order, and will be filed under seal:

1. Ex. 2: Diamond Ocean Invoices
2. Ex. 3: Farhad Telegraphic Transfers
3. Ex. 4: Little Orchard Telegraphic Transfers
4. Ex. 5: Farhad Air Waybills
5. Ex. 6: Farhad Tax Invoices
6. Ex. 7: Farhad Tax Payments
7. Ex. 8: Little Orchard Tax Invoices
8. Ex. 9: Sales Invoices

In addition, specific references to the precise contents of these documents that are made within Farhad's to-be-filed declaration will be redacted.

The exhibits largely comprise invoices, purchase orders, and related commercial records arising from a wholesale supplier's procurement and resale of fragrances. They disclose confidential commercial information, including purchase and resale prices, price points, order

quantities, transaction volumes, product-level purchasing information, and related supply-chain terms.

The requested relief is consistent with the standards governing sealing in this District. Although judicial documents are subject to a presumption of public access, the weight of that presumption depends on the documents' role in the exercise of judicial power and the judicial process. The Court may restrict access when the presumption is outweighed by countervailing interests, including the protection of confidential commercial information and the prevention of competitive harm.

Those requirements are satisfied here. In the wholesale supply-chain industry, nonpublic information concerning unit-specific prices, margins, order sizes, purchasing patterns, transaction volumes, and supplier or customer terms is inherently sensitive. Disclosure could permit competitors, suppliers, customers, or other market participants to ascertain the wholesale supplier's pricing practices, purchasing capacity, sourcing strategy, commercial relationships, and negotiating position at those unit-specific levels. That information could be used to undercut pricing, alter negotiating leverage, or otherwise cause competitive harm. Its confidential treatment is therefore warranted independently of its designation under the confidentiality order.

This request is narrowly tailored. As is clear from a review of Farhad's to-be-filed declaration, the adjudication of the issues germane to the pending motion can be undertaken through a "treetops-level" evaluation of Farhad's confidential documents. That is why Farhad's to-be-filed declaration requires few redactions.

In conclusion, Farhad respectfully requests that this Court permit: (i) Exhibits 2-9 to be filed under seal; and (ii) Farhad's to-be-filed declaration to be filed under seal, with a redacted version included in a public filing.

Respectfully submitted,

SCHENCK PRICE SMITH & KING, LLP

s/ Thomas J. Cotton, Esq.
Thomas J. Cotton, Esq.

Schenck Price
SCHENCK PRICE SMITH & KING, LLP



**APPENDIX OF PARTIES WHO SHOULD HAVE ACCESS**

1. Plaintiff Abercrombie & Fitch Trading, Co.'s attorneys of record:

   a. Brent H. Blakely (bblakely@blakelylawgroup.com)

   b. Tara A. Currie (tcurrie@blakelylawgroup.com)

2. Defendant Farhad International Pte Ltd's attorney of record:

   a. Thomas J. Cotton (tjc@spsk.com)

3. Defendant Diamond Cosmetics Pte Limited and/or any retained attorneys

Application **GRANTED in part** and **DENIED in part**. While the at-issue declaration and exhibits are judicial documents subject to a presumption of public access, Defendant Farhad's interest as a wholesale supplier in protecting commercially sensitive information regarding its prices, margins, order sizes, purchasing patterns, transaction volumes and supplier or customer terms overcomes the presumption of access to the documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006).

As to the declaration, the proposed redactions are narrowly tailored to protect legitimate competitive interests and are permitted. As to the exhibits, the commercially sensitive information in each exhibit may be protected through redactions as opposed to the wholesale sealing of the entire document. Accordingly, by **November 6, 2026**, Defendant Farhad shall file exhibits 2 through 9 on the public docket with redactions to only the specific prices, quantities and transaction amounts contained in each document.

The Clerk of Court is respectfully directed to close Dkt. No. 462.

Dated: October 30, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE